# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERRY L. MCGLONE, II,　　　　　　　　　　　　Case No. 1:20-cv-6
　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　Barrett, J.
　vs.　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

WARREN CORRECTIONAL　　　　　　　　　　　　**REPORT AND**
MENTAL HEALTH STAFF, et al.,　　　　　　　　**RECOMMENDATION**

Plaintiff Jerry McGlone, II, an inmate at the Warren Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff has not paid the filing fee required to commence this action nor filed a motion to proceed *in forma pauperis*. The Court will not enter a deficiency order in this regard, however, because under the "three strikes" provision set forth in 28 U.S.C. § 1915(g), plaintiff is prohibited from obtaining pauper status in this civil action. *See* 28 U.S.C. § 1915(g).[1]

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] *See McGlone II v. Warren Corr. Inst.*, Case No. 1:13-cv-126 (Dlott, J.; Bowman, M.J.) (S.D. Ohio May 29, 2013) (Doc. 10, 12, 13); *McGlone II v. Ross Corr. Inst.*, Case No. 2:13-cv-347 (Frost, J.; Abel, M.J.) (S.D. Ohio Aug. 7, 2013) (Doc. 12, 14, 15); *McGlone v. Ohio Dep't. of Rehab. and Corr.*, Case No. 1:09-cv-409 (Barrett, J.; Black, M.J.) (S.D. Ohio June 12, 2009) (Doc. 5, 6); *McGlone v. Ohio Dep't. of Rehab. and Corr.*, Case No. 1:09-cv-355 (Barrett, J.; Hogan, M.J.) (S.D. Ohio June 4, 2009) (Doc. 7, 8).

In view of his three "strikes," Mr. McGlone may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis,* 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley,* 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson,* 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. Plaintiff challenges his past mental health care but alleges that at the time of his complaint he is feeling better. (Doc. 1, at PageID 3). Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule

set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/22/20

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY L. MCGLONE, II,
Plaintiff,

vs.

WARREN CORRECTIONAL
MENTAL HEALTH STAFF, et al.,

Case No. 1:20-cv-6

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).